ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| GRUPO MÉDICO FLAMBOYÁN LLC Y OTROS<br><br>Apelados<br><br>v.<br><br>HOSPITAL SAN JUAN CAPESTRANO Y OTROS<br><br>Apelantes | KLAN202300855 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm.: SJ2022CV08343<br><br>Sobre:  Daños y Perjuicios |

Panel integrado por su presidenta, la Juez Brignoni Mártir, el Juez Candelaria Rosa y la Jueza Díaz Rivera.[1]

Díaz Rivera, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a de 31 octubre de 2023.

Comparece ante *nos*, el Grupo Médico Flamboyán, LLC (Grupo Médico) y el Dr. Freddy Salient Aquino (Dr. Salient Aquino) y nos solicitan que revisemos y revoquemos la *Sentencia* emitida el 4 de agosto de 2023, por el Tribunal de Primera Instancia (TPI), Sala Superior de San Juan. Mediante dicho dictamen, el TPI declaró *Ha Lugar* la *Moción de Desestimación* que presentó el Hospital San Juan Capestrano (Hospital) y, en consecuencia, desestimó la *Demanda* sin perjuicio.

Por los fundamentos que se exponen a continuación, *confirmamos* la *Sentencia* apelada.

**I.**

El 19 de septiembre de 2022, la parte apelante presentó una *Demanda* sobre daños y perjuicios en contra de la parte apelada. A grandes rasgos, alegó que desde el 11 de mayo de 2016, el Grupo Médico mantuvo un contrato de servicios profesionales con el

---

[1] De conformidad con la Orden Administrativa OATA-2023-184 se modifica la integración del panel.

Hospital. Esgrimió que mediante dicho acuerdo el Grupo Médico se encargaba de reclutar médicos cualificados para que el Hospital, luego de un procedimiento de evaluación, les concediera privilegios para dar servicios en dicha institución. Así pues, manifestó que luego de renegociado el contrato, Luis González (González), Carlos Figueroa (Figueroa) y Marta Rivera (Rivera) de forma arbitraria le ordenaron reducir el servicio médico en un diecinueve por ciento (19%). Destacó que, posteriormente, se le exigió aumentar nuevamente el servicio médico previamente reducido.

Asimismo, la parte apelante adujo que la parte apelada tenía un patrón de presión y represalias en su contra. Agregó que las imputaciones que hizo el Hospital en contra de Grupo Médico les creó presión, malestar, desconfianza e incomodidad en continuar ofreciendo servicios en dicha institución. Acentuó que la situación creada por la parte apelada provocó que tuvieran que finalizar el contrato efectivo el 21 de septiembre de 2021. Consecuentemente, solicitó una indemnización por los ingresos dejados de percibir, por los daños y angustias mentales y por los gastos y honorarios de abogado.

Oportunamente, el 31 de enero de 2023, la parte apelada presentó una *Moción de Desestimación*. En síntesis, solicitó la desestimación de la *Demanda* presentada en su contra. Esbozó que la controversia planteada por la parte apelante estaba sujeta a una cláusula de arbitraje que no fue honrada, a pesar de que la cláusula expresamente dispone que cualquier controversia relacionada con el contrato debe someterse al proceso de resolución de disputas que provee el mismo contrato. Sostuvo que los remedios solicitados por la parte apelante surgían de su expectativa de la continuación del contrato y de la rescisión presuntamente forzada por este. Explicó que la única fuente que vincula a las partes y da lugar a la causa de acción es precisamente el contrato.

El 18 de febrero de 2023, la parte apelante presentó una *Moción en Oposición a Solicitud de Desestimación y Solicitud de Sentencia Sumaria*. Indicó que la *Demanda* es una por daños y perjuicios por las actuaciones arbitrarias, intimidación, amenazas, presión y represalias ejercidas por todos los apelados. Aclaró que no se hizo alusión a una cláusula incumplida, sino a las actuaciones culposas de todos los apelados. Señaló que de la *Demanda* ser un asunto surgido del contrato tal cláusula ni siquiera es vinculante, toda vez que del propio lenguaje de la referida cláusula no surge -ni exige- que las partes deberán acudir al procedimiento de arbitraje en cualquier controversia relacionada con el contrato, sino todo lo contrario, la cláusula les da la opción a las partes.

El 22 de febrero de 2023, el TPI emitió una *Orden* mediante la cual señaló una vista argumentativa para el 15 de junio de 2023. Posteriormente, el 13 de marzo de 2023, la parte apelada presentó una *Réplica a Moción en Oposición a Solicitud de Desestimación [...]*. Así las cosas, el 15 de junio de 2023, se llevó a cabo la vista argumentativa. Consecuentemente, el TPI ordenó una reunión entre partes. Así, el 28 de junio de 2023, las partes presentaron una *Moción Conjunta en Cumplimiento de Orden* mediante la cual informaron que en la reunión no se llegó a ningún resultado satisfactorio.

Luego de varios incidentes procesales, el 5 de julio de 2023, la parte apelante presentó una *Dúplica a Réplica a Moción en Oposición a Solicitud de Desestimación [...]*. Acto seguido, el 4 de agosto de 2023, el TPI emitió una *Sentencia*, notificada el 8 de agosto de 2021, mediante la cual declaró *Ha Lugar* la *Moción de Desestimación* que presentó la parte apelante; en consecuencia, el TPI desestimó la *Demanda* por falta de jurisdicción.

En desacuerdo, el 21 de agosto de 2023, la parte apelante presentó una *Moción Solicitando Reconsideración*. Ese mismo día, la

parte apelada presentó una *Oposición a Moción Solicitando Reconsideración*. Luego, el 24 de agosto de 2023, el TPI emitió una *Resolución* mediante la cual declaró *No Ha Lugar* la solicitud de reconsideración que presentó la parte apelante.

Insatisfechos con esa determinación, el 22 de septiembre de 2023, la parte apelante presentó un recurso de *Apelación* y señaló la comisión de los siguientes errores:

> **PRIMER ERROR: Erró el TPI al desestimar la *Demanda* por falta de jurisdicción, en base a una cláusula de arbitraje que no era aplicable a las partes que no fueron contratantes.**
>
> **SEGUNDO ERROR: Erró el TPI al desestimar la *Demanda* por falta de jurisdicción, en base a una cláusula de arbitraje que no era aplicable a la causa de acción presentada.**
>
> **TERCER ERROR: Erró el TPI al desestimar la *Demanda* por falta de jurisdicción, en base a una cláusula de arbitraje que no era una cláusula obligatoria y que fue renunciada por el Hospital.**
>
> **CUARTO ERROR: Erró el TPI al desestimar la *Demanda,* sin cumplirse con los criterios de las Reglas 10.2 y 36 de Procedimiento Civil.**

Examinado el recurso de *Apelación*, este Tribunal emitió una *Resolución* el 27 de septiembre de 2023, concediéndole un término de veinte (20) días a la parte apelada para que expresara su posición al recurso. El 11 de octubre de 2023, la parte apelada presentó un *Alegato de Parte Apelada*. Con el beneficio de la comparecencia de todas las partes, procedemos a resolver.

**II.**

**A. Desestimación**

La Regla 10.2 de Procedimiento Civil (32 LPRA Ap. V) le permite al demandado solicitar que se desestime la demanda en su contra antes de contestarla. R. Hernández Colón, *Práctica Jurídica de Puerto Rico, Derecho Procesal Civil*, 5ta ed., San Juan, LexisNexis de Puerto Rico, Inc., 2010, pág. 266. La precitada regla dispone lo siguiente:

> Toda defensa de hechos o de derecho contra una reclamación se expondrá en la alegación responsiva excepto que, a opción de la parte que alega, las siguientes defensas pueden hacerse mediante una moción debidamente fundamentada: (1) falta de jurisdicción sobre la materia; (2) falta de jurisdicción sobre la persona; (3) insuficiencia del emplazamiento; (4) insuficiencia del diligenciamiento del emplazamiento; (5) dejar de exponer una reclamación que justifique la concesión de un remedio; (6) dejar de acumular una parte indispensable. Regla 10.2 de Procedimiento Civil, *supra.*

Así pues, entre las defensas mediante las cuales una parte puede solicitar la desestimación de la causa instada en su contra se encuentra el "dejar de exponer una reclamación que justifique la concesión de un remedio"[2] y la "falta de jurisdicción sobre la materia". Regla 10.2 (5) de Procedimiento Civil, *supra.* Véase, además, *Bonnelly Sagrado v. United Surety*, 207 DPR 715 (2021).

La jurisdicción es el poder de un tribunal para considerar y decidir casos y controversias. *Pueblo v. Rivera Ortiz*, 209 DPR 402 (2022); *Cancel Rivera v. González Ruiz*, 200 DPR 319, 329 (2018). Al respecto, es norma reiterada que el asunto de la jurisdicción constituye materia de carácter privilegiado y que, por lo mismo, debe ser resuelto con preferencia a cualquier otra cuestión. *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873 (2007); *Arriaga v. F.S.E.*, 145 DPR 122 (1998).

En cumplimiento con este deber, un foro judicial no tiene discreción para asumir jurisdicción allí donde no la hay. En este contexto, los tribunales de justicia están obligados a examinar su propia autoridad para adjudicar la cuestión de que se trate, así como también aquella de donde provenga el recurso que considera. *S.L.G. Szendrey-Ramos v. F. Castillo, supra.* Véase, además, *Souffront v. A.A.A.*, 164 DPR 663 (2005).

---

[2] Si en una moción en que se formula la defensa (5) [dejar de exponer una reclamación que justifique la concesión de un remedio] se exponen materias no contenidas en la alegación impugnada, y éstas no son excluidas por el tribunal, la moción deberá ser considerada como una solicitud de sentencia sumaria y estará sujeta a todos los trámites ulteriores provistos en la Regla 36 hasta su resolución final, y todas las partes deberán tener una oportunidad razonable de presentar toda materia pertinente a tal moción bajo dicha. Regla 10.2 de Procedimiento Civil, *supra.*

La falta de jurisdicción sobre la materia no es susceptible de ser subsanada, razón que impone a los tribunales la obligación de ser celosos guardianes de su facultad adjudicativa. *Szendrey-Ramos v. F. Castillo, supra; Souffront v. A.A.A., supra.* Véase, además, *Morán v. Martí,* 165 DPR 356 (2005); *Vázquez v. A.R.P.E.,* 128 DPR 513 (1991). Tal deber les exige evaluar rigurosamente su jurisdicción y, de percatarse que carecen de la misma, vienen llamados a así declararlo y a desestimar la acción pertinente. *Freire Ayala v. Vista Rent,* 169 DPR 418 (2006); *Carattini v. Collazo Syst. Analysis, Inc.,* 158 DPR 345 (2003). Cuando el tribunal carece de jurisdicción sobre la materia, las consecuencias son las siguientes:

> (1) no es susceptible de ser subsanada;
> (2) las partes no pueden voluntariamente conferírsela a un tribunal como tampoco puede éste arrogársela;
> (3) conlleva la nulidad de los dictámenes emitidos;
> (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción;
> (5) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso,
> (6) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal *motu proprio.* *Pueblo v. Rivera Ortíz Fuentes Bonilla v. ELA et al.,* 200 DPR 364, 372-373 (2018).

De este modo, en atención a que el aspecto jurisdiccional incide sobre el poder de atender en sus méritos determinada cuestión jurídica, los tribunales pueden, incluso, considerar dicho asunto *motu proprio* en defecto de señalamiento a tal fin. *Moreno González v. Coop. Ahorro Añasco,* 177 DPR 854 (2010); *García v. Hormigonera Mayagüezana,* 172 DPR 1 (2007).

De igual forma, la Regla 10.8 (c) de Procedimiento Civil (32 LPRA Ap. V) dispone que de surgir "[…] que el tribunal carece de jurisdicción sobre la materia, este desestimará el pleito".

### B. Cláusula de arbitraje

La Ley Federal de Arbitraje (FAA, por sus siglas en inglés), 9 USCA sec. 1 *et seq.*, es un estatuto federal que obliga a los tribunales a darle validez a una cláusula de arbitraje en un contrato según sus términos. 9 USCA sec. 2. Véase, además, *Aponte Valentín v. Pfizer*

*Pharmaceutical, LLC.*, 208 DPR 263 (2021). Mediante la aprobación de la FAA, "el Congreso se aseguró que las cláusulas de arbitraje fueran evaluadas y validadas como cualquier otra cláusula contractual, teniendo en cuenta la autonomía contractual de las partes, e instituyendo así una vigorosa política pública nacional a favor del arbitraje". Íd. Véase, además, *Medina v. Cruz Azul de P.R.*, 155 DPR 735 (2001).

En Puerto Rico existe una vigorosa política pública a favor del arbitraje como método alterno para la solución de disputas y toda duda sobre si procede o no el arbitraje debe resolverse a favor de este conforme ha sido pactado. *Aponte Valentín v. Pfizer Pharmaceutical, LLC.*, *supra*. Véase, además, *Constructora Estelar v. Aut. Edif. Púb.*, 183 DPR 1, 30 (2011). En ese contexto, aun cuando en nuestro ordenamiento existe una fuerte política pública a favor del arbitraje, este mecanismo se utilizará solo si las partes así lo han pactado y en la forma en que lo hayan pactado. *Aponte Valentín v. Pfizer Pharmaceutical, LLC.*, *supra*. Véase, además, *H.R., Inc. v. Vissepó & Diez Construction Corp., et al.*, 190 DPR 597 (2014). Lo anterior es cónsono con el principio reiterado de que el arbitraje es una figura jurídica inherentemente contractual. *Aponte Valentín v. Pfizer Pharmaceutical, LLC.*, *supra*.

Así pues, dado que el arbitraje es una figura de naturaleza contractual, no se puede obligar a una parte a someter una disputa al procedimiento de arbitraje si esa parte no lo ha pactado de esa forma. *S.L.G. Méndez-Acevedo v. Nieves Rivera*, 179 DPR 359, 368 (2010). No obstante, en aquellos casos donde el arbitraje si ha sido acordado, los tribunales carecen de discreción respecto a su eficacia y tienen que dar cumplimiento al arbitraje acordado. *Aponte Valentín v. Pfizer Pharmaceutical, LLC.*, *supra*, pág. 284. Por tanto, **ante un convenio de arbitraje lo prudencial es la abstención judicial, aunque esa intervención no este vedada**. (Énfasis

nuestro). *U.C.P.R. v. Triangle Engineering Corp.*, 136 DPR 133 (1994).

Así, nuestro máximo Foro ha expresado que "**la determinación de si un acuerdo crea el deber de arbitrar una controversia en particular entre las partes es tarea judicial**". (Énfasis nuestro). *S.L.G. Méndez-Acevedo v. Nieves Rivera, supra*, pág. 367.

### III.

Por estar íntimamente relacionados discutiremos el segundo, tercer y cuarto señalamiento de error de forma conjunta. *Veamos.*

En el recurso que nos ocupa, la parte apelante plantea que incidió el TPI al desestimar la *Demanda* por falta de jurisdicción, en base a una cláusula de arbitraje que no era aplicable a las partes que no fueron contratantes.[3] Asimismo, insistió en que erró el TPI al desestimar la *Demanda* por falta de jurisdicción, en base a una cláusula de arbitraje que no era aplicable a la causa de acción presentada. Enfatizó, además, que incidió el TPI al desestimar la *Demanda* por falta de jurisdicción, en base a una cláusula de arbitraje que no era una cláusula obligatoria y que fue renunciada por el Hospital. Por último, adujo que erró el TPI al desestimar la *Demanda,* sin cumplirse con los criterios de las Reglas 10.2 y 36 de Procedimiento Civil.

Por su parte, la parte apelada aseveró que la parte apelante no levantó ante el TPI el argumento de que el principal de Grupo Médico y los funcionarios del Hospital no estaban vinculados por la póliza. Sostuvo que dicho argumento no se levantó en las mociones que se intercambiaron previo a dictarse la *Sentencia* y que tampoco se levantó cuando la parte apelante solicitó reconsideración de la

---

[3] Con relación al primer señalamiento de error, debemos dejar claro que este asunto no se presentó ante el TPI, por lo cual estamos impedidos de considerar cuestiones que no fueron planteadas por las partes ni consideradas por el Tribunal inferior.

*Sentencia.* Arguyó que la cláusula de arbitraje aplica a todas las controversias relacionadas al contrato y que, además, es una cláusula obligatoria para las partes.

Según el derecho que antecede, entre las defensas mediante las cuales una parte puede solicitar la desestimación de la causa instada en su contra se encuentra el "dejar de exponer una reclamación que justifique la concesión de un remedio" y la "falta de jurisdicción sobre la materia". Regla 10.2 (5) de Procedimiento Civil, *supra.*

La jurisdicción es el poder de un tribunal para considerar y decidir casos y controversias. *Pueblo v. Rivera Ortiz, supra.* Al respecto, es norma reiterada que el asunto de la jurisdicción constituye materia de carácter privilegiado y que, por lo mismo, debe ser resuelto con preferencia a cualquier otra cuestión. *S.L.G. Szendrey-Ramos v. F. Castillo, supra.* Así pues, la falta de jurisdicción sobre la materia no es susceptible de ser subsanada, razón que impone a los tribunales la obligación de ser celosos guardianes de su facultad adjudicativa. *Szendrey-Ramos v. F. Castillo, supra; Souffront v. A.A.A., supra.*

Tal deber les exige evaluar rigurosamente su jurisdicción y, de percatarse que carecen de la misma, vienen llamados a así declararlo y a desestimar la acción pertinente. *Freire Ayala v. Vista Rent, supra.*

Según surge del expediente, Grupo Médico y Hospital otorgaron un contrato efectivo el 5 de enero de 2021, que contiene una cláusula de arbitraje en la Sección 5.6. Dicha cláusula dispone que,

> Governing Law and Alternative Dispute Resolution. Except where equitable, provisional or temporary remedies are sought, in the event of any dispute, controversy or claim arising out of or in connection with or relating to this Agreement or any alleged breach hereof, the Parties shall first negotiate the matter between themselves in good faith. If direct negotiations do not resolve the matter, either Party may file a written demand for arbitration with the other Party. The arbitration will proceed in accordance with the

terms of the American Health Lawyers Association Alternative Dispute Resolution Service Rules of Procedure for Arbitration. The arbitration will be conducted within the Practice State at a location agreed upon by the Parties. The award of the arbitrator will be biding and conclusive upon the Parties, any other entity controlled by, in control of or under common control with the Party to the extent that such affiliate joins in the arbitration.

De una lectura puntillosa de la cláusula en cuestión es forzoso concluir que esta aplica a todas las controversias relacionadas al contrato. Además, es una cláusula obligatoria para las partes. La cláusula de arbitraje establecida en la Sección 5.6 expresamente establece que cualquier controversia relacionada con el contrato debe someterse al proceso de resolución de disputas que provee el contrato. Así, tomando en consideración que la *Demanda* de epígrafe versa sobre una disputa relacionada con el contrato otorgado entre el Grupo Médico y el Hospital, la cláusula de arbitraje es aplicable.

Así pues, hay que tener en cuenta que la cláusula de arbitraje en cuestión no es ajena al contrato. De una lectura detallada de la *Demanda,* se desprende que el contrato es la base de las alegaciones y de los remedios solicitados. Es decir, surge de las alegaciones de la *Demanda* que la parte apelante tenía una expectativa de la continuación del contrato; específicamente, cuando alegó que "[s]i el demandado Hospital San Juan Capestrano no hubiera actuado negligentemente para ponerle presión y forzar al Grupo Médico Flamboyán a rescindir el contrato, este último estaría ofreciendo servicios a dicha Institución como de costumbre, y no hubiera tenido la pérdida económica y los daños aquí reclamados". Además, otro claro ejemplo se desprende cuando arguyó que "[h]abiendo tenido un contrato desde el 11 de mayo de 2016, y renegociado en enero 2021, el demandante Grupo Médico Flamboyán, LLC, tenía una expectativa legítima de continuar, con al menos 5 años adicionales de contrato".

Así, como se ha dicho, en el caso de autos no cabe duda de que las partes pactaron una cláusula de arbitraje, por lo cual, toda

duda debe interpretarse a favor del arbitraje. Hay que hacer notar que la cláusula de arbitraje se utilizará solo si las partes así lo han pactado y en la forma en que lo hayan pactado. *Aponte Valentín v. Pfizer Pharmaceutical, LLC., supra.* Lo anterior es cónsono con el principio reiterado de que el arbitraje es una figura jurídica inherentemente contractual. Íd.

Por lo tanto, dado que el arbitraje es una figura de naturaleza contractual, no se puede obligar a una parte a someter una disputa al procedimiento de arbitraje si esa parte no lo ha pactado de esa forma. *S.L.G. Méndez-Acevedo v. Nieves Rivera, supra.* Sin embargo, en aquellos casos donde el arbitraje si ha sido acordado, los tribunales carecen de discreción respecto a su eficacia y tienen que dar cumplimiento al arbitraje acordado. *Aponte Valentín v. Pfizer Pharmaceutical, LLC., supra.* En definitiva, ante un convenio de arbitraje lo prudencial es la abstención judicial, aunque esa intervención no este vedada. *U.C.P.R. v. Triangle Engineering Corp., supra.*

Finalmente, con relación al planteamiento de la parte apelante de que la cláusula de arbitraje fue renunciada por el Hospital, es forzoso concluir que tal y como estableció el TPI en la *Sentencia,* en el caso ante *nos* no se constituyó una renuncia al arbitraje. No debemos obviar que, cuando las partes voluntariamente renuncian al derecho de arbitrar, el peso de establecer tal renuncia recae sobre quien la levanta. Véase, *H.R., Inc. v. Vissepó & Diez Construction Corp., et al., supra.* Ese no es el caso ante *nos.*[4]

En fin, ante el cuadro fáctico del caso de epígrafe, no podemos pasar desapercibida la cláusula de arbitraje y se debe dar cumplimiento a lo pactado. En consecuencia, procede la

---

[4] El asunto del caso civil SJ2021CV01712 es sobre una controversia de daños y perjuicios que no están relacionados con el contrato e involucran reclamaciones de terceros que no son parte del contrato.

desestimación de la *Demanda* por falta de jurisdicción sobre la materia.

Por los fundamentos que anteceden, los cuales se hacen formar parte de este dictamen, se *confirma* la *Sentencia* apelada.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones